May it please the Court, I am Mark Lorbecki. I represent the inventor and patent holder of Royal O'Brien in this matter. Your Honors, the 808 patent essentially is the patent to a mini-filter, a unique mini-filter, a novel mini-filter, which interacts with the already extant filter manager of every version of Windows since Windows 7. What it does is when an application calls for a specific bit of data, it either looks, it references its MLAT, which is a Memory Lookup Audit Table, seeks to find whether it's local or whether the data packs are located remotely, and then tells the application that everything is on board when it finds a remote packet, it downloads it in the background so that, for instance, in the context of gamers, the opportunity exists for say map games to play that portion of the map game that is present while the rest of the map is downloading. So essentially allowing gamers to get to the work of essentially a person of ordinary skill in the art and could not opine as to what was obvious. Two, that his opinion as he presented it was essentially to simply parrot what was in his testimony and therefore, much like in TQ Delta and other cases by this court, Activision and what have you, it simply wasn't specific evidence. C, that essentially that the board heard when it used its own expertise to essentially construct something that wasn't part of the petition and wasn't part of the declaration by Dr. Ho. And finally, that they read out of the MiniFilter architecture is unique to Windows. It doesn't occur in Unix. It doesn't occur in other environments. Because it's unique to Windows, one would expect that Microsoft, the publisher of Windows, when it is found in Windows. Instead, they bring someone from the telecommunications industry to be their expert, someone who's admitted that is only real experience in this sort of thing. And of course, we are not denigrating his abilities, his knowledge. He's a very intelligent person. Did you ever move to exclude Dr. Ho from being an expert in this matter in front of the board? No, because we felt that he had expertise in, for instance, defining what a person having ordinary skill in the art would be. So the whole of his testimony wouldn't necessarily be stricken. It would be those portions that relate to Unix. And we only found out when we did the cross-examining deposition that he had, if you look at his CV, it doesn't suggest that all of his experience is limited to Unix. Do we have to find an abuse of discretion in order for you to win on this argument? No, I think your substantial evidence still applies here. I think that the APA still applies here. I think that this is an issue if someone is not themselves or does not possess the expertise to be testifying on something, then the board did not have the substantial evidence that was necessary to make the decision. I understand your first argument, but correct me if I'm wrong, to be there should not be in the record certain portions of Dr. Ho's testimony. It should have been stricken by the board, and as we review what the board did, we should not consider the parts of his testimony that you think should not have occurred. Is that a fair summarization of your contention? It is, with one addendum to what you are saying. You will note that in all of the briefing with regard to this at the lower level, we continued to bring up the lack of expertise. So it wasn't as though it wasn't part of the record. It was not formalized, and I agree, it was not formalized in the procedural step of an objection. So we did not object to his testimony, but in every pleading, we pointed out that he had no expertise in this field. So I guess what you're saying is the board knew you thought he did not have the appropriate expertise, rejected your contention, and we just have to say whether or not the board had substantial evidence for its rejection of your criticism of his expertise. Is that it? That's better than I put it. Yes, Your Honor. But yes, that's where I'm going. So essentially, if you look, the only evidence that was presented to the board as far as a motivation to combine was page 3 at Appendix 744. That portion of the 2004 Microsoft Filter Driver Development Guide. And all of the testimony, and indeed the declaration that supported the petition, merely said, okay, these are all the advantages to using many filter architecture. And that was the sole motivation that was presented as far as combining Alon and Christensen. So what we've got is a problem because in looking for motivation, one would have to essentially use the syllogism that works a little bit like this. Alon has a filter. Many filter architecture, as stated by the development guide, is really nifty stuff. So why don't we take the filter of Alon and make it really nifty by virtue of Christensen? The problem is, Alon doesn't have a filter. There's testimony that had the equivalent of a filter, right? Pardon me? There's testimony that had the equivalent of a filter. No, there isn't. The only testimony to that effect, Judge Dyke, is by Judge Braden. She's the one who said, well, isn't Alon, or haven't you already agreed that Alon is a filter? And at that hearing, I said, no, we hadn't. And there was nothing in our pleadings that suggested we agreed that it was a filter. The only real reference to Alon being a filter is actually in the petition, in a footnote, where in the petition they said, this is now known as a legacy filter. But there is no testimony, and that's really the key here, is that essentially the board stepped out of its role as the arbiter of the evidence and provided the evidence. And in fact, they did it a couple of times to suggest that Alon, oh no, Alon's a filter, because what we did is we looked at the guide ourselves, found independent references in that same filter design guide, and put them together in order to show that Alon does filtering type of stuff. But importantly, Dr. Ho never testified that Alon possessed a filter, that Alon was doing something that would be called filtering, that Alon is a filter. And I think that's important here, because without a filter in Alon, even Dr. Ho said, look, when I put the question to him, are you saying then that even if Alon isn't a filter, Christensen would improve Alon? And he goes, well, you can't really improve something that isn't there. So he acknowledged the fact that the presence of the filter was an important aspect of what was being presented there. I even asked him in the cross-examination, would you please show me, doctor, where the filter is? And if you look in the appendix at 2105 from page 12, lines one through three, he couldn't find such a filter in Alon. What's really important here, however, is that Dr. Ho has no significant experience in the domain of Windows architecture. He is a units expert. He is a device driver expert, which is distinct from filter drivers. His expertise is limited to that field, and they are distinguishable enough, especially in this specific aspect of the architecture, because these mini-filters do not exist in Unix, and there isn't an analog in Unix wherein they might be said to exist, or this knowledge would be useful. That being the case, it's extremely difficult to use him and to essentially vest the credibility of this process in someone who has no expertise in this field, in this particular field. He's a very intelligent man. We're not disputing that. He's also very, he has a fair amount of expertise in other fields, just not this field. Do you want to save the rest of your time for rebuttal? One more point, Your Honor, and then I will. Oh, is it? Oh, that's my yellow. Okay. Last point is that in reading out a particular limitation, installed on a computing device occurs in 1B Roman I. It also occurs later in 1D. In 1D, it asks whether the information is available locally. Locally can't be across a network. Locally means right here, and therefore on a computing device means a single client computing device. That is the expressed intent of the patent holder when he wrote the claims. Thank you, Your Honor. Thank you. May it please the Court, Joe McAuliffe for Eppley Microsoft. Your Honors, in the year 2000, Dan Ilon and others patented a streaming system. Why don't you get right to the point? Okay, Dr. Ho is an expert in this. There was a finding of fact that he was an expert. It joined appendix page 18, and I quote, Dr. Ho has at least ordinary skill in the art. That was a finding of fact supported by his educational background, which includes... What was the evidence about his Windows work? He testified that he was part of the Microsoft Developers Network for a while, and that he had developed Windows applications. He also had experience with streaming and filters. The board found, and I quote, he has familiarity with known technologies, such as streaming technology, operating system methods for handling I.O. requests, and loadable device driver management architectures. Page 18 of the joint appendix. That was a finding of fact supported by substantial evidence this man was a person of ordinary skill in the art. And that is why Mr. O'Brien never moved to exclude his testimony or object to him after they crossed him and before they filed their patent owner response. Okay, what about the question of whether Ilon has a filter? It's irrelevant. The combination set forth in the petition at pages... Joint appendix page 1277 proposed taking the streaming functionality of Ilon and implementing it on the system of Christiansen. I thought the combination was supported by the idea that Ilon had a legacy filter. It was. The board found that Ilon had... We argued that it had a legacy filter. The board found it had the equivalent of it because of filter. Where's the evidence that would support the finding of equivalence? The evidence includes Dr. Ho's testimony and Exhibit 1010. In the petition we argued that it was so because of the figure for Ilon and Exhibit 1010, which is the developer's guide, which defines... Where's the evidence that supports the equivalence? Is there testimony to that effect? Yes. The joint appendix 2203 to 2204, Dr. Ho's testimony there and the Exhibit 1010, which is that joint appendix. 2203, 2204, where is that? Page 110, line 18, page 111, line 8. I have other sites too where he further testified. 110, line what? 8. I don't see where he says that Ilon has the equivalent of a filter. Where does he say that? What he testified was he couldn't find the word filter in Ilon when he searched it, but he said, but it did not necessarily have to disclose exactly those words to teach or for a person of ordinary skill even to recognize that the functionality of the streaming support system of Ilon could be implemented as a managed filter in the system of Christensen. There's other testimony at 2204. That was 2204, I think. 11119. This is what the board cited. Through 2205, which would be page 1127. Well, you did already ask me, but what I told you is that teachings can describe a concept to a posita without exactly the same words you know or any specific words that, like history teachers can teach about a lot of things, they can all teach the same concept without using the same exact words. And so he goes on to explain that filtering is part of Ilon, and that's what the board found. Indeed, the board also relied on, I believe it was the Pudipeddy prior art reference that was in the record that the board found it performed analogous filtering and called it a filter, analogous to the Ilon system. But once again, the combination was the combination of Ilon streaming functionality on Christensen. So the question was, would it have been obvious to make that combination? We never said that we would take a filter, like Mr. Bobietti just mentioned. We never said we would take the filter of Ilon and modify it. That was not part of the petition. That was not part of our analysis ever. That's a straw man. We only said, and I haven't mentioned it, page 1277 of the joint appendix, we specifically defined our combination as the streaming functionality of Ilon on the system of Christensen. I wanted to address one more thing Mr. Bobietti said, and that was on the motivation to combine analysis. He suggested that the motivation to combine was solely based on the filter driver developer guide. That is inaccurate. In fact, our reasons to combine, which begin at joint appendix page 1278 through 1283, included many other reasons to combine. It certainly did rely on that developer's guide and the seven different reasons that are listed in that prior art document for why one should use this mini-filter architecture. But those were not the only motivations to combine at all. The board had ample evidence on which to find as a fact that there was a motivation to combine the streaming functionality of Ilon with the mini-filter architecture of Christensen. You just touched briefly on the installed on a computing device argument. What's your understanding of their argument? They seem to be maybe suggesting a claim construction was necessary. The claims say computing device. The claims do not say client. They say it's limited to a client. The argument is that it's limited to a client. That's right. We say it's not, but the board went ahead and addressed that argument and found that both Ilon and Christensen disclose clients. Even if it were limited to a client? Yes. I don't see how it's a claim construction argument you have to decide since there's finding of facts on both sides of it supported by substantial evidence. So we win either way, I think. Okay. Anything further? Unless your honors have other questions for me. No, I don't think so. Thank you. Thank you. Mr. Lorbecki? Construction can't occur such that it makes a claim meaningless. In limitation 1D, the very last line of claim 1 and its corresponding claim in 14, it talks about whether the information is available locally. That's why it has to be a client computer, because that's where the application is running. This is the expression consistently throughout the claim. So it's got to be the client computer. Importantly, however, one of the things that the arguments, the other arguments that the board placed forward to justify its decision that it could be spread out in a distributed network, included the point that, well, the FSD, which is the driver for the files, the VSD, which is the virtual storage drive, all those are located by ILON on the client. Well, the problem is, if you look at paragraph 128 of Dr. Ho's declaration in supporting the petition, he says, to be clear, to remove all doubt, I note the combination would not be implemented as a file system driver, as Christiansen distinguishes his managed filters as file system filter drivers, and it also says, similarly, the combination would not be implemented as a virtual drive or a caching system. Therefore, by placing all of these things as the board did in ILON on the client, they're wrong, because all of those things in Dr. Ho's testimony are eliminated by the combination. So it's stretching quite a bit, and the board was doing a lot of the petitioner's work in this instance. I think we're out of time. Okay. Thank you. Thank you, Your Honors. I appreciate the opportunity to present here. Okay, thank you. The case is submitted.